IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-CR-11-BO-1

UNITED STATES OF AMERICA          )
                                  )
v.                                )          O R D E R
                                  )
ANA ROSA FERNANDEZ                )

This matter comes before the Court on defendant's motion for leave to file a motion to dismiss [DE 39] and her motion to dismiss her indictment [DE 40]. The government has responded in opposition. The matter has been fully briefed and is ripe for disposition. Upon good cause shown, defendant's motion for leave to file a motion to dismiss [DE 39] is GRANTED. For the reasons discussed below, defendant's motion to dismiss [DE 40] is DENIED.

BACKGROUND

Defendant legally entered the United States in 1977 and was granted legal permanent resident status in 1984. [DE 41, p. 1]. In July 2001, defendant was convicted of conspiracy to manufacture marijuana. [DE 1, p. 3]. The conviction violated the terms of defendant's permanent residency and subjected her to deportation. [DE 1, p. 4]. In August 2002, defendant was served by mail with a Notice to Appear (NTA) that did not include a specific date or time for her removal hearing. [DE 41-1]. In October 2002, defendant was personally served with a second NTA which included a specific time and place for her hearing. [DE 41-2]. In November 2002, defendant was present at her hearing, warned of the penalties for reentry in the United States, and removed from Miami, Florida to Honduras. [DE 1, p. 4].

In January 2018, defendant was arrested for driving without a license in Onslow County, North Carolina. [DE 40, p. 1]. Following this arrest, defendant was indicted for aggravated illegal reentry in violation of 8 U.S.C. § 1326(a) and (b)(2). [DE 1]. Defendant moved for leave to file a

motion to dismiss, and then moved to dismiss the indictment, citing the Supreme Court's decision in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). [DE 39, 40]. The government responded in opposition. [DE 41].

DISCUSSION

Defendant argues that she did not receive adequate notice informing her of the time and place of her 2002 removal proceedings, and that the indictment against her for aggravated illegal reentry must, therefore, be dismissed. Defendant relies on *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). In *Pereira*, the Supreme Court faced a "narrow question": "if the Government serves a noncitizen with a document that is labeled 'notice to appear,' but the document fails to specify either the time or place of the removal proceedings, does it trigger the stop-time rule?" *Pereira*, 138 S. Ct. at 2110. Under the stop-time rule, an alien subject to removal, who might otherwise have his removal cancelled given his ten years of continuous presence in the United States, is not eligible for cancellation if he was served an NTA during that time. 8 U.S.C. § 1229b(d)(1). The Supreme Court noted that the "consequences of a noncitizen's failure to appear at a removal proceeding can be quite severe." *Pereira*, 138 S. Ct. at 2111. In *Pereira*, the defendant "never received notice of the time and date of his removal hearing" and was not present at the hearing, where he was removed *in absentia*. *Id*. at 2112.

Defendant's case does not mirror *Pereira*. The similarities begin and end with defendant's August 2002 NTA, which did not include a specific date and time. Defendant argues that this deficient NTA did not confer subject-matter jurisdiction on the immigration court and that, as a result, defendant's removal was invalid. But, unlike in *Pereira*, defendant was personally served with a second NTA which included the specific date and time of her removal hearing. Defendant was also present at her removal hearing, unlike the defendant in *Pereira*. The

2

second NTA cured any defect in the first NTA and was adequate to confer subject-matter

jurisdiction on the immigration court. Thus, defendant's motion to dismiss is denied.

CONCLUSION

For the above reasons, defendant's motion for leave to file a motion to dismiss [DE 39] is

GRANTED and defendant's motion to dismiss [DE 40] is DENIED.


SO ORDERED, this 14 day of October, 2018.


TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE